IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION

No. 7:11-CV-121-FL

STANLEY LEAVEL CARTER,            )
                                  )
            Plaintiff/Claimant,   )
                                  )
                                  )      **MEMORANDUM AND**
            v.                    )      **RECOMMENDATION**
                                  )
MICHAEL J. ASTRUE, Commissioner of )
Social Security,                  )
                                  )
            Defendant.            )

This matter is before the court on Defendant's motion to dismiss [DE-12] pursuant to Fed.

R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. Claimant responded

to Defendant's motion, and the time for filing a reply has expired. Accordingly, the pending motions

are ripe for adjudication. For the following reasons, this court recommends granting Defendant's

motion to dismiss.

**PROCEDURAL HISTORY**

Claimant protectively filed an application for a period of disability and DIB on October 10,

2008, alleging disability beginning May 1, 2008. [DE-13.1 at 8]. His claim was denied initially and

upon reconsideration. *Id.* A video hearing before the Administrative Law Judge ("ALJ") was held

on November 17, 2009, at which Claimant was represented by counsel and a vocational expert

("VE") appeared and testified. *Id.* On February 1, 2010, the ALJ issued a decision denying

Claimant's request for benefits. [DE-13.3 at 1]. On September 20, 2010, the Appeals Council

denied Claimant's request for review in a letter containing notice of Claimant's right to commence

a civil action within sixty days of receipt. [DE-13.3 at 7-8]. The sixty day limitations period for

filing an action for judicial review expired on November 24, 2010, without Claimant commencing a civil action.

Claimant filed a complaint *pro se* in this court on June 14, 2011, approximately seven months after the sixty day limitations period had ended, seeking review of the final administrative decision. [DE-1.1]. On October 18, 2011, in lieu of filing an answer to the complaint, Defendant filed a motion pursuant to Rule 12(b)(6) to dismiss for failure to state a claim upon which relief may be granted. [DE-12]. In support of its motion, Defendant submitted evidence outside the pleadings, including the Declaration of James Jones and portions of Claimant's administrative record. [DE-13.1 at 1-4]; [DE-13.2]; [DE-13.3]. Claimant responded, attributing the untimeliness of his complaint to his mental condition. [DE-15]. In particular, Claimant asserted that he was too mentally unstable to handle his affairs, which prevented him from filing a timely appeal. *Id.*

The Deputy Clerk sent Claimant a Rule 12 letter informing him of his duty to respond to the motion to dismiss within twenty-one days. [DE-14]. However, the Fourth Circuit has held that *pro se* litigants are entitled to special notice that the district court is treating a Rule 12(b) motion to dismiss as one for summary judgment, and such notice must be "reasonably calculated to inform the nonmoving party of the conversion, and of his right to file countering affidavits or to undertake reasonable discovery in an effort to produce a triable issue of fact." *Davis v. Zahradnick*, 600 F.2d 458, 460 (4th Cir. 1979). Accordingly, by order entered September 27, 2012, this court *sua sponte* held consideration of the motion to dismiss in abeyance and afforded Claimant an additional thirty days to file appropriate counter-affidavits and other responsive material in opposition to the Commissioner's motion. [DE-17]. Claimant has not filed any additional material.

2

## STANDARD OF REVIEW

Defendant seeks to dismiss Claimant's claim in accordance with Fed. R. Civ. P. 12(b)(6). Pursuant to Rule 12(b), if matters outside the pleadings are submitted with a motion to dismiss for failure to state a claim and those matters are considered by the court, the court shall treat the motion as one for summary judgment. *Zahradnick*, 600 F.2d at 460. Because matters outside of the pleadings have been presented to and considered by the court, Defendant's motion will be treated as a motion for summary judgment.

Summary judgment is appropriate where the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that "there is no genuine dispute as to any material fact and the [moving party] is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party can meet this burden "by showing that there is an absence of evidence to support the nonmoving party's case." *Honor v. Booz-Allen & Hamilton, Inc.*, 383 F.3d 180, 185 (4th Cir. 2004). "[A] complete failure of proof concerning an essential element of [a plaintiff's] case necessarily renders all other facts immaterial." *Celotex*, 477 U.S. at 323. Once the moving party has met its burden, the non-moving party must then "set forth specific facts showing that there is a genuine issue for trial." *Id.* at 322 (citing Fed. R. Civ. P. 56(e)). The court views the evidence in the light most favorable to the non-moving party, according that party the benefit of all reasonable inferences. *Bailey v. Blue Cross & Blue Shield of Virginia*, 67 F.3d 53, 56 (4th Cir. 1995). However, "conclusory statements, without specific evidentiary support" are

3

insufficient to create a genuine issue of fact for trial. *Causey v. Balog*, 162 F.3d 795, 802 (4th Cir. 1998).

## ANALYSIS

The United States District Courts have jurisdiction over appeals from final decisions of the Commissioner. 42 U.S.C. § 405(g). The applicable federal regulations provide for a multi-tiered administrative review process for social security claimants, which consists of an initial determination made by a claims examiner, a reconsideration, a hearing and decision by an ALJ, and discretionary review by the Appeals Council. 20 C.F.R. § 404.900(a)(1)-(4). Once this process is completed, the Commissioner has rendered a "final decision" subject to judicial review in federal court. 20 C.F.R. § 404.900(a)(5).

Claimant proceeds under section 405(g) of the Social Security Act, as amended, which provides, in relevant part: "[a]ny individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action *commenced within sixty days after the mailing to him of notice of such decision* or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g) (emphasis added). The Supreme Court has held that the sixty day statute of limitations is not jurisdictional and is subject to equitable tolling. *See Bowen v. City of N.Y.*, 476 U.S. 467, 478-80 (1986).

Section 405(g) also provides that the Commissioner may extend the sixty day period of time in which a claimant may seek judicial review of a final decision upon a determination that the claimant had good cause for missing the statutory deadline. *See* 20 C.F.R. § 404.982 ("Any party to the Appeals Council's decision or denial of review . . . may request that the time for filing an

4

action in a Federal district court be extended. The request must be in writing and it must give the reasons why the action was not filed within the stated time period . . . If you show that you had good cause for missing the deadline, the time period will be extended.").

While in most cases the Commissioner should make the determination whether it is proper to extend the time period within which judicial review must be sought, the Supreme Court has held that a court may act "where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" *Bowen*, 476 U.S. at 480 (quoting *Mathews v. Eldridge*, 424 U.S. 319, 330 (1976)). However, the time limitation should be tolled by the Commissioner or the courts only in rare or exceptional circumstances. *Id.* at 481 (finding equitable tolling applicable where "the Government's secretive conduct prevents plaintiffs from knowing of a violation of rights[.]"); *see Hyatt v. Heckler*, 807 F.2d 376, 381 (4th Cir. 1986) (finding equitable tolling applicable where the SSA had a "clandestine policy" of not following the law of the circuit where the claim arose). Thus, a claimant who did not timely file his complaint seeking judicial review of the Commissioner's final, unfavorable decision must allege facts that constitute "rare circumstances" that would make application of the doctrine of equitable tolling appropriate. *Bowen*, 476 U.S. at 481. The Fourth Circuit has cautioned that tolling the limitations period "will rarely be appropriate." *Hyatt*, 807 F.2d at 378.

Although this circuit has not revisited *Bowen's* equitable tolling doctrine since its decision in *Hyatt*, the Third Circuit has reiterated, in the context of judicial review under § 405(g), "three principal situations in which equitable tolling may be appropriate: '(1) where the defendant has actively misled the plaintiff respecting the plaintiff's cause of action; (2) where the plaintiff in some extraordinary way has been prevented from asserting his or her rights; or (3) where the plaintiff has

5

timely asserted his or her rights mistakenly in the wrong forum." *Cardyn v. Comm'r of Social Security*, 66 Fed. Appx. 394, 397 (3d Cir. 2003) (quoting *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1387 (3d Cir. 1994)); *see also Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990) ("We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.") (internal citations omitted).

Similarly, in other circuits, the § 405(g) limitations period has been tolled only in cases wherein some administrative malfunction hinders a claimant's ability to pursue his rights.[1] *See Bess v. Barnhart*, 337 F.3d 988, 990 (8th Cir. 2003) (per curium) ("[E]quitable tolling has been allowed only in cases where government has hindered claimant's attempts to exercise rights by acting in a misleading or clandestine way.") (quoting *Turner v. Bowen*, 862 F.2d 708, 710 (8th Cir. 1988)); *Day v. Shalala*, 23 F.3d 1052, 1058 (6th Cir. 1994) ("Because this case involves no secretive or clandestine policy, we will not invoke equitable tolling."); *Barrs v. Sullivan*, 906 F.2d 120, 122 (5th Cir. 1990) (finding where claimant "alleged no impropriety on the part of the Secretary" he could "not establish[] that his case falls within the narrow class of cases in which the equities in favor of

---

[1]     The court notes that the Second Circuit has indicated that equitable tolling may be available in cases of mental impairment which "prevented [Claimant] from comprehending [his or her] right to judicial review." *Canales v. Sullivan*, 936 F.2d 755, 759 (2d Cir. 1991). However, the facts of *Canales* are materially distinguishable in that at no point in *Canales* was the claimant represented by counsel, whereas in this case Claimant was represented by counsel at the ALJ hearing. No record of impairment has been demonstrated by Claimant. Moreover, the majority of circuits require a showing of clandestine action on the part of the government in order to apply equitable tolling. *See Torres v. Barnhart,* 417 F.3d 276, 281-83 (2d Cir. 2005) (collecting cases).

6

tolling the limitations period are so great that deference to the agency's determination is inappropriate.").

In Claimant's case, the ALJ's decision became the final decision of the Commissioner on September 20, 2010, the day that the Appeals Council denied his request for discretionary review. 20 C.F.R. § 404.981. Thus, the sixty day limitations period began to run five days from[2] September 20, 2010, and expired on November 24, 2010. Claimant filed his complaint on June 14, 2011, and never sought extension of the sixty day deadline as provided in 20 C.F.R. § 404.982.

Additionally, Claimant has not created a genuine issue of material fact of whether he is entitled to equitable tolling of section 405(g)'s sixty day statute of limitations in this case. Claimant has failed to provide the court with evidence attesting to his alleged mental instability and how his condition prevented him from pursuing his claim. Moreover, Claimant has made no allegations that the government acted in a misleading or clandestine way which induced him to forego his statutory right of judicial review. On the contrary, the letter he received from the Appeals Council denying his request for review clearly stated that the complaint must be filed within sixty days. [DE-13.3 at 8].

Moreover, there is no indication that Claimant made a request to the Commissioner to waive the sixty day limitations period pursuant to 20 C.F.R. § 404.982. "[I]t is not the court's role simply to determine, as the Commissioner may, that 'good cause' exists to toll the 60-day limit. Rather, the court's equitable discretion to overlook plaintiff's untimely filing should be exercised only when the

---

[2]     The Commissioner has interpreted "mailing" as the date of receipt by the individual of the notice of the Appeals Council's decision. 20 C.F.R. § 422.210(c). The "date of receipt" is presumed to be five days after the date of such notice, unless there is a reasonable showing to the contrary made to the Appeals Council.

equities tip significantly in favor of tolling." *Hines v. Barnhart*, No. 5:04-CV-726-FL, 2006 U.S. Dist. LEXIS 92398, at *18 (E.D.N.C. Jan. 25, 2006). As noted in *Hines*, "Congress has delegated to the Commissioner the primary authority to waive the 60-day statutory limitations period and courts should extend their equitable powers in contravention of this delegated authority 'only sparingly.'" *Id.* at *18-19 (quoting *Irwin*, 498 U.S. at 96) (internal citation omitted).

## CONCLUSION

For the reasons stated above, this court RECOMMENDS Defendant's Motion to Dismiss [DE-12] be GRANTED and Claimant's complaint be DISMISSED without prejudice.

The Clerk shall send copies of this Memorandum and Recommendation to counsel for the respective parties, who have fourteen (14) days upon receipt to file written objections. Failure to file timely written objections shall bar an aggrieved party from receiving a de novo review by the District Court on an issue covered in the Memorandum and Recommendation and, except upon grounds of plain error, from attacking on appeal the proposed factual findings and legal conclusions not objected to, and accepted by, the District Court.

Submitted the 5th day of November, 2012.

Robert B. Jones, Jr.
United States Magistrate Judge

8